OPINION
Appellant, John Barnes, appeals a decision of the Trumbull County Court of Common Pleas. On September 28, 1981, appellant pled guilty to two counts of rape, in violation of R.C. 2907.02, and two counts of aggravated burglary, in violation of R.C. 2911.11. He was sentenced to an indefinite term of five to twenty-five years on each count, with each term running concurrently. Subsequently, on June 4, 1999, appellant was found to be a sexual predator pursuant to R.C. Chapter 2950. Appellant timely filed a notice of appeal and now seeks a reversal of the trial court's determination that Ohio's sexual predator laws are valid and can be enforced against him.
Appellant had raised eight assignments of error. The first seven challenge the constitutionality of Ohio's sexual predator laws, and the final one is a manifest weight challenge to the determination that he is a sexual predator. For the reasons that follow, we affirm the trial court's decision.
In the first assignment of error, appellant contends that the registration requirements of the sexual predator statute violate Section1, Article I, of the Ohio Constitution, as they infringe upon one's right to privacy, property, and liberty interest. However, the Supreme Court of Ohio has recently held that R.C. Chapter 2950 does not violate Section1, Article I, of the Ohio Constitution, as it does not improperly infringe upon a defendant's right to privacy, the acquisition of property, a favorable reputation, or the ability to pursue an occupation.State v. Williams (2000), 88 Ohio St.3d 513.
In the second assignment of error, appellant asserts that Ohio's sexual predator statute violates the Equal Protection Clause of theFourteenth Amendment to the United States Constitution by creating a special class without a rational basis. Specifically, appellant argues that there is no natural basis to distinguish between those sex offenders currently in prison versus those who have already been released from prison. This argument, however, was expressly rejected by the Supreme Court of Ohio inWilliams, supra, at 529-531.
In the third assignment of error, appellant submits that R.C. Chapter 2950 violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as well as Due Process as guaranteed by the Fifth and Fourteenth Amendments, by denying a defendant a right to trial by jury and by applying a different standard of evidence among similarly situated sex offenders.
Regarding the jury issue, this court specifically rejected this argument in State v. Petersime (July 28, 2000), Trumbull App. No. 99-T-0159, unreported. We held that because a sexual predator proceeding is not criminal in nature, the basic right to a jury trial does not attach. Concerning the different standard of evidence, we note that his argument was rejected by the Supreme Court of Ohio in Williams, supra. Hence, appellant's third assignment of error is without merit.
In the fourth assignment of error, appellant maintains that R.C. Chapter 2950 is void for vagueness since it compels a court to make a preponderance determination based upon "clear and convincing" evidence. This argument was also rejected by the Supreme Court of Ohio inWilliams, supra, wherein the court held that it was not inherently illogical for the statutory scheme to require a trial court to employ the "clear and convincing" evidential standard in determining whether it is "likely" that a defendant will commit another sexually oriented offense in the future.
In the fifth assignment of error, appellant claims that R.C. Chapter 2950 is an unconstitutional bill of attainder. Appellant argues that Ohio's sexual predator laws act in a way to inflict punishment without the benefit of a judicial trial. This argument was rejected by the Supreme Court of Ohio in Williams, supra, based upon its conclusion that the registration and requirements are merely remedial measures which do not constitute criminal punishment.
In the sixth assignment of error, appellant asserts that R.C. Chapter 2950 constitutes double jeopardy, in violation of the Fifth Amendment to the United States Constitution, and Section 10, Article I, of the Ohio Constitution. The Supreme Court of Ohio also rejected this argument inWilliams, supra, due to its conclusion that the sexual predator proceedings are not criminal in nature.
In the seventh assignment of error, appellant contends that R.C. Chapter 2950 is an unconstitutional ex post facto provision and is being applied retroactively in violation of the Ohio Constitution. The Supreme Court of Ohio expressly rejected this challenge in State v. Cook (1998),83 Ohio St.3d 404, due to its conclusion that the statutory scheme served a remedial purpose and was not punitive in nature.
Finally, in the eighth assignment of error, appellant argues that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth various factors that a court must consider when deciding whether to adjudicate an offender as a sexual predator. These factors include:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offended participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavior characteristics that contribute to the offender's conduct."
The Supreme Court of Ohio has elected to label the sexual predator determination process as civil, rather than criminal, in nature.Williams, supra. Thus, it is appropriate to consider the Ohio Civil Rules of Procedure as applicable to the process. See Civ.R. 1. It appears to us, therefore, that this procedure falls within the ambit of Civ.R. 52.
A timely request for separate findings of fact and conclusions of law is appropriate. This is particularly so where the court is required to consider certain statutory factors as a condition of rendering a decision, and is not required, either by rule of the Supreme Court of Ohio or by legislation, to state on the record other than its conclusions of law vis-á-vis the "likel[ihood] to engage in the future in one or more sexually oriented offenses * * *" per R.C. 2950.01(E). Clearly, appellate review of sexual predator determinations would be greatly aided by such findings.
The purpose of a request for separate findings of fact and conclusions of law is to engender care on the part of the trial judge in ascertaining the facts and to make possible objections to the court's decision upon question of law so as to permit meaningful review in the appellate courts. 90 Ohio Jurisprudence 3d (1989) 225, Trial, Section 574.
Further, if the judgment is in general terms without any assignment of the reasons, and without any discussion of the legal principles, the reviewing court is entirely in the dark as to whether the case turned upon the facts, or upon the erroneous application of legal principles. 90 Ohio Jurisprudence 3d (1989) 227, Trial, Section 574.
In the case sub judice, the trial court, upon its own initiative, filed separate findings of fact and conclusions of law. The trial court considered each of the statutory factors and concluded that there was clear and convincing evidence to support a determination that appellant is a sexual predator. The trial court's decision was based, in large part, on the expert testimony of Gerald Heinbaugh, Director of the Forsenic Psychiatric Center of Northeast Ohio ("Forsenic Psychiatric Center") who performed an evaluation of appellant for the state, and Keith J. Smedi, Ph.D, who performed an evaluation on behalf of appellant. Both experts agreed that appellant meets the qualifications of a sexual predator. Appellant's own expert offered the opinion that appellant should not be left unsupervised in areas where women are available and alone. When experts from both sides conclude that the defendant is a sexual predator, we are hard-pressed to determine otherwise.
Appellant was twenty-one years of age at the time of the two offenses. One of his victims was in her thirties, the other was fifty-two and legally blind. He broke into their residences and raped them. However, after spending years in prison, appellant has a difficult time taking responsibility for his actions according to the Forensic Psychiatric Center.
Based upon this evidence, we are satisfied that the State of Ohio met the burden of demonstrating that appellant is a sexual predator by clear and convincing evidence. Therefore, appellant's eighth assignment of error is without merit.
The judgment of the trial court is affirmed.
 ______________________________ JOHN R. MILLIGAN, JUDGE, Ret., Fifth Appellate District, sitting by assignment.
FORD, P.J., O'NEILL, J., concur.